IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIKE SETTLE #207584, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:21-cv-00400 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| CORECIVIC, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Mike Settle, an inmate at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, filed this pro se civil rights action under 42 U.S.C. § 1983 in state court. (Doc. No. 1-2.) Defendant CoreCivic removed the case to this Court. (Doc. No. 1.) Plaintiff asked the Court to remand the case back to state court, and the Court denied his request. (Doc. No. 12.) Plaintiff has now filed a Motion for Leave to Amend Complaint incorporating a proposed Amended Complaint. (Doc. No. 14.) CoreCivic did not file a Response to the Motion. As explained below, Plaintiff's Motion to Amend will be granted, and upon initial review of the Amended Complaint under the Prison Litigation Reform Act (PLRA), this case will be dismissed.

I. **Motion for Leave to Amend Complaint**

Because CoreCivic filed an Answer (Doc. No. 7) more than 21 days before Plaintiff filed the Motion to Amend (Doc. No. 14), Plaintiff may not amend the Complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1) (explaining the time limitations for a party to "amend its pleading once as a matter of course"). CoreCivic also has not given written consent to amend, so Plaintiff must obtain the Court's leave to amend the Complaint. *See* Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires," *id.*, and "a district court can allow a plaintiff to amend

his complaint even when the complaint is subject to dismissal under the PLRA." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Here, Plaintiff's Motion to Amend is functionally a proposed Amended Complaint. (Doc. No. 14.) The proposed Amended Complaint is complete in itself, and it names two additional Defendants, clarifies certain factual allegations in the original Complaint, and requests specific relief. (*See id.*); *Trammell v. Rudd*, No. 3:21-cv-00240, 2021 WL 1264555, at *3 (M.D. Tenn. Apr. 6, 2021) (citation omitted) (noting that an amended complaint "must be complete in itself without any reliance on [the] original Complaint"). Plaintiff also filed the proposed Amended Complaint at an early stage in the proceedings, prior to the initial review required by the PLRA. In these circumstances, the Court will grant Plaintiff's Motion to Amend.

The Clerk will be directed to docket this filing (Doc. No. 14) as an Amended Complaint and add Officer Burries and Officer Publa as Defendants.[1] This Amended Complaint is now the operative pleading in the case. *See Bauer v. Fitzhugh*, No. 3:18-cv-01293, 2020 WL 6134989, at *1 n.1 (M.D. Tenn. Oct. 19, 2020) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)) (explaining that an Amended Complaint becomes "the operative complaint" "[u]pon its filing" and supersedes the original Complaint).

## II. Initial Review

The Court must dismiss any part of the Amended Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) (requiring review of a complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"); 42 U.S.C. § 1997e(c)(1) (establishing dismissal authority for claims brought by a prisoner "with respect to prison

---

[1] Plaintiff refers to the Officer-Defendants as "John Does" despite providing their last names. (*See* Doc. No. 14 at 1.) For clarity, the Court will refer to the Officers by their names.

conditions" that do not satisfy the statutory standard); *Trusty v. Centurion Health Servs.*, No. 19-5872, 2020 WL 548225, at *1 (6th Cir. Jan. 7, 2020) (citing *Hutchison v. Wexford Health Servs.*, 638 F. App'x 930, 932 (11th Cir. 2016)) (noting that a private entity considered to be a state actor for purposes of § 1983 is also a "government actor[] for purposes of § 1915A"). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A. **Factual Allegations**

The Court has liberally construed the Amended Complaint to establish the following summary of factual allegations for the purpose of initial review.

CoreCivic disregards Tennessee Department of Correction (TDOC) policies on inmate hygiene, sanitation, heat, food, haircuts, and case managers. (Doc. No. 14 at 2, 4.) CoreCivic intentionally subjected Plaintiff to thirty-degree temperatures in December 2020, and to twenty-degree temperatures "all winter" (including on February 2, 2021). (*Id.* at 3, 5, 7–8.) For the past year, Plaintiff has been denied haircuts. (*Id.* at 4.) For the past six months, Plaintiff has been intentionally denied outside exercise, cleaning supplies for his cell, and hygiene products (despite his indigence entitling him to hygiene products). (*Id.* at 3, 6.) For unspecified periods of time, Plaintiff has been deprived of nutritionally adequate food, causing him to lose weight. (*Id.* at 3–4.) CoreCivic also has not provided Plaintiff a case manager to assist with sentence computation, parole procedures, and counseling. (*Id.* at 4.)

CoreCivic has a "policy or custom" of being understaffed, which causes Plaintiff and others to be put on a "merge" lockdown. (*Id.* at 2.) CoreCivic also fails to guard against the risk of inmate-on-inmate violence created by inmates "rig[ging] the cell doors" to open "whenever [inmates]

want." (*Id.* at 6.) Plaintiff has "serious depression," and on January 26, 2021, APN[2] Scott Schuch told Plaintiff that TTCC does not have any mental health programs. (*Id.* at 5.)

During a cell search on January 14, 2020, Officer Burries (who is white) told Plaintiff (who is black) to "turn around 'n*****'" and placed flex cuffs on Plaintiff. (*Id.* at 4–5.) Burries then kicked Plaintiff in the testicles. (*Id.* at 4.) Plaintiff "said or did nothing wrong" prior to this incident. (*Id.* at 5.)

As relief, Plaintiff requests a declaratory judgment, monetary damages, and transfer to a TDOC-operated facility (specifically, the West Tennessee State Penitentiary). (*Id.* at 2, 8–9.)

**B.     Legal Standard**

To determine whether the Amended Complaint "fails to state a claim on which relief may be granted" under the applicable statutes, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C.     Discussion**

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's

---

[2] Plaintiff does not explain what "APN" stands for, but given the context, the Court assumes that Schuch is a nurse of some kind.

conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted).

### 1. Officer Publa

Plaintiff names Officer Publa as a Defendant, but Plaintiff does not make any specific allegations against Publa in the body of the Amended Complaint. Even under the lenient standards for reviewing pro se pleadings, that is insufficient to state a claim. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citation omitted) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."). Accordingly, Officer Publa will be dismissed as a party.

### 2. Due Process Claims

Plaintiff asserts due process claims based on CoreCivic's alleged failure to follow TDOC policies on conditions of confinement and the provision of a case manager, and its failure to meet minimum safety standards established by the Tennessee Corrections Institute (TCI). (Doc. No. 14 at 2–4, 6–7.) These allegations fail to state a due process claim for three reasons. First, standards established by the TCI apply to local correctional facilities, not state prisons like TTCC. *See* Tenn. Code Ann. § 41-4-140(a)(1) (providing that the TCI "has the power and duty to [e]stablish minimum standards for local jails, lock-ups and workhouses"). Second, even if TCI's standards applied, Section 1983 claims "can only be brought for 'deprivation of rights secured by the constitution and laws of the United States,'" so Plaintiff fails to state an independent claim based on a violation of prison policy. *Laney v. Farley*, 501 F.3d 577, 580–81 & n.2 (6th Cir. 2007) (citations omitted) ("[A] § 1983 claim may not be based upon a violation of state procedure that does not violate federal law."); *see also Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)) ("Failing to follow proper procedures is

insufficient to establish an infringement of a liberty interest."). Third, although Plaintiff does not specify the nature of his due process claims, the Court does not analyze claims under "the more generalized notion of 'substantive due process'" where another specific "amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior." *Kiser v. Kamdar*, 831 F.3d 784, 791 (6th Cir. 2016) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). Here, as discussed below, the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment provide the proper framework to analyze Plaintiff's Section 1983 claims. Accordingly, any substantive due process claims are subject to dismissal as duplicative.

### 3. January 2020 Incident with Officer Burries

Plaintiff alleges that, on January 14, 2020, Officer Burries (who is white) told Plaintiff (who is black) "turn around 'n*****,'" placed flex cuffs on Plaintiff, and kicked Plaintiff in the testicles. (Doc. No. 14 at 4–5.) On this basis, Plaintiff asserts an Eighth Amendment excessive force claim and a Fourteenth Amendment equal protection claim.[3] (*Id.* at 4–5, 7.)

A prisoner's claim "is subject to dismissal without any further proof if 'the allegations . . . show that relief is barred by the applicable statute of limitations.'" *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Section 1983 claims borrow "the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631,

---

[3] Plaintiff also asserts that Officer Burries violated his rights under 42 U.S.C. §§ 1981 and 1982. (Doc. No. 14 at 5.) But Plaintiff cannot use Section 1981 to sue state actors in either their individual or official capacity. *See McCormick v. Miami Univ.*, 693 F.3d 654, 660–61 (6th Cir. 2012) (discussing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)) ("[I]n the context of state action . . . the more specific and express cause of action contained in § 1983 provide[s] a mechanism to address a violation of § 1981."). And Plaintiff fails to state a claim under Section 1982 because it "prohibits racial discrimination relating to certain interests in real and personal property," *Moniz v. Cox*, 512 F. App'x 495, 501 (6th Cir. 2013) (citations omitted)—interests not relevant here.

634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). Tennessee's statute of limitations for such claims is one year. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). The limitations period generally starts running "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)).

For the purpose of initial review, the Court assumes that Plaintiff's Section 1983 claims against Officer Burries relate back to the original Complaint filed in state court on March 22, 2021.[4] *See* Fed. R. Civ. P. 15(c)(1). Therefore, Plaintiff's Section 1983 claims are untimely if they are based on an injury that Plaintiff knew or had reason to know occurred before March 22, 2020.[5] Plaintiff knew of Officer Burries' alleged discriminatory use of excessive force when it occurred on January 14, 2020. Accordingly, it is clear from the face of the pleadings that Plaintiff's Section 1983 claims arising from the alleged incident with Officer Burries are untimely.

### 4. Additional Eighth Amendment Claims

Plaintiff asserts four additional Eighth Amendment claims, including for inadequate conditions of confinement, food, and psychological health care, and failure to protect from the risk of violence by other inmates. (Doc. No. 14 at 3–8); *see Farmer v. Brennan*, 511 U.S. 825, 832–33

---

[4] The Court deems the Complaint filed on the date Plaintiff signed it. (Doc. No. 1-2 at 11); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citations omitted) (explaining, "absent contrary evidence," courts assume a prisoner filed a complaint by giving it to prison officials for mailing "on the date he or she signed" it).

[5] Although "[t]he statute of limitations for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies," *Surles*, 678 F.3d at 458 (citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)), there is no indication in the original or Amended Complaint that Plaintiff attempted to exhaust such remedies specifically for the alleged incident with Burries. There is a grievance attached to the original Complaint, but it is entirely unrelated to this alleged incident. (*See* Doc. No. 1-2 at 12–14.) The Court therefore has no reasonable basis to assume that the limitations period was tolled for claims arising from this alleged incident.

(1994) (internal citations and quotation marks omitted) (explaining that the Eighth Amendment imposes a duty on officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates"). These claims are not supported by sufficient allegations to proceed for further development.

These four claims all have objective and subjective components. *See Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) ("An Eighth Amendment conditions of confinement claim [] contains both an objective and a subjective component."). The subjective component of these claims requires Plaintiff to demonstrate deliberate indifference to his health or safety. *See id.* at 454–56 (conditions of confinement and food); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2003) (psychological health care); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011) (failure to protect). To demonstrate deliberate indifference, Plaintiff must "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703 (citing *Farmer*, 511 U.S. at 834); *Bishop*, 636 F.3d at 766–67 (citing *Farmer*, 511 U.S. at 837). The Court must evaluate whether Plaintiff has satisfied the subjective component for each official individually. *Bishop*, 636 F.3d at 767 (citing *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 542 (6th Cir. 2008)).

Plaintiff does not satisfy the subjective component for any of the four claims. That is, the Amended Complaint does not identify any TTCC officer who perceived facts sufficient to infer that Plaintiff faced a risk to his health or safety from inadequate conditions of confinement, lack of food, inadequate psychological health care, or exposure to violent inmates. For this reason alone, Plaintiff fails to state an Eighth Amendment claim on these four bases.

Plaintiff also fails to satisfy the objective component for three of the four claims. First, as to the deprivation of food, Plaintiff alleges that he lost an unspecified amount of weight because he received small amounts of unspecified, nutritionally inadequate food for an unspecified period of time. A prisoner's dissatisfaction with the amount of food he receives does not satisfy the objective component of an Eighth Amendment claim as long as "the prisoner continues to receive adequate nutrition." *Richmond*, 450 F. App'x at 456 (citing *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982)). Plaintiff fails to provide any supporting facts for his conclusory allegation that he lost weight, such as how much weight he lost and the period of time over which he lost weight. Nor does he otherwise provide any supporting facts for his conclusory allegation that his food was nutritionally inadequate, such as a description of the meals that allegedly caused him to lose weight. He thus has failed to state a claim. *See Gilmore v. Corr. Corp. of. Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)) ("A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory.").

Second, as to psychological health care, Plaintiff alleges that TTCC does not have any mental health programs to treat his serious depression. To satisfy the objective component of this claim, Plaintiff "must allege that the medical need at issue is sufficiently serious," and "a prisoner's psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies." *Comstock*, 273 F.3d at 703 (internal citations and quotation marks omitted). As serious as Plaintiff's alleged depression may feel to Plaintiff, Plaintiff does not allege that this condition has been diagnosed by a doctor, that he has been prescribed medication for this condition, or that he is at risk of self-harm. Plaintiff's bare allegation of depression is not sufficient, standing alone, to demonstrate a sufficiently serious psychological need for the purpose of an

Eighth Amendment claim. *See Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (internal citations and quotation marks omitted) ("[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

Third, as to Plaintiff's physical safety from other inmates, Plaintiff alleges that he faces a risk of violence on a daily basis because inmates "rig the cell doors" to open "whenever they want." (Doc. No. 14 at 6.) The objective component of a failure-to-protect claim requires Plaintiff to allege that "he is incarcerated under conditions posing a substantial risk of serious harm." *Bishop*, 636 F.3d at 766 (quoting *Farmer*, 511 U.S. at 833). Plaintiff does not provide any specific factual allegations to support the inference that he faces a substantial risk of harm due to the allegedly rigged cell doors. In some circumstances, a prisoner may satisfy the objective component of this claim through allegations "that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past.'" *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 815 (6th Cir. 1996) (quoting *Farmer*, 511 U.S. at 842). But Plaintiff does not make any such allegations here.

Finally, for part of one Eighth Amendment claim, Plaintiff may satisfy the objective component. Plaintiff asserts a general conditions-of-confinement claim that the Court construes to encompass his complaints about a lack of hygiene products, cleaning supplies, heat in his cell, haircuts, and outside exercise. The objective component of this claim requires Plaintiff "to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him 'the minimal civilized measure of life's necessities.'" *Richmond*, 450 F. App'x at 455 (quoting *Rhodes*, 452 U.S. at 347). Plaintiff "must allege 'extreme deprivations' to state an Eighth Amendment conditions-of-confinement claim[,]" and "[a]llegations of temporary inconveniences"

do not suffice. *Powell v. Washington*, 720 F. App'x 222, 228 (6th Cir. 2017) (internal citations and quotation marks omitted).

To be sure, some aspects of this claim do not rise to the level of an Eighth Amendment violation. For example, Plaintiff's alleged year-long deprivation of haircuts, without an allegation of accompanying harm, is the type of unpleasant, "restrictive[, or] even harsh" condition that does not violate the constitution. *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Rhodes*, 452 U.S. at 347) ("Alleging that prison conditions 'are restrictive and even harsh' does not suffice because such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'"). Likewise, Plaintiff's allegation of a six-month deprivation of unspecified hygiene products, cleaning supplies for his cell, a broom, and a mop is not accompanied by an allegation that Plaintiff personally suffered any harmful effects from these conditions. Accordingly, these conditions, while unpleasant, fail to support an Eighth Amendment claim. *See Powell*, 720 F. App'x at 228 (citation omitted) ("Although Powell claims that he was not given appropriate cleaning supplies, his complaint fails to demonstrate that he was forced to live in inhumane conditions."); *see also Richmond*, 450 F. App'x at 455 (citing *Wilson*, 501 U.S. at 304) ("[T]he totality of the circumstances do not otherwise implicate the prohibition against cruel and unusual punishment because Richmond has not demonstrated that he was deprived of an identifiable human need in combination with his conditions of confinement.").

But liberally construing the Amended Complaint, Plaintiff's allegations regarding his cell temperature and outside exercise may rise to the level of an Eighth Amendment violation. Plaintiff alleges that he was subjected to twenty-degree temperatures "all winter" (Doc. No. 14 at 7–8) and denied outside exercise for six months. The full context of Plaintiff's exposure to these conditions is not clear from the face of the Amended Complaint, but given the extremity and prolonged nature

of these alleged deprivations, they are sufficiently serious to satisfy the objective component for the purpose of initial review. *See Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (citations omitted) ("[The Sixth Circuit] has said that claims of excessive cold or dampness in a prison constitute Eighth Amendment violations, without even addressing whether such claims rise above the PLRA's de minimis standard."); *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)) ("[A] total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees."); *Braswell*, 419 F. App'x at 627 (citation omitted) ("[A] denial of exercise for an extended period of time has been held to constitute more than a de minimis physical injury."). Nonetheless, because (as discussed above) Plaintiff fails to satisfy the subjective component, he also fails to state an Eighth Amendment conditions-of-confinement claim.

### 5. CoreCivic's Liability

Plaintiff also brings this action against CoreCivic and Officers Publa and Burries in their official capacities. (Doc. No. 14 at 1.) The Court takes judicial notice that CoreCivic is a private entity contracted to manage TTCC.[6] Because the Officers are CoreCivic employees (*id.*), the official-capacity claims are essentially against CoreCivic. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). And because CoreCivic is named as a defendant, the official-capacity claims are subject to dismissal as redundant. *See*

---

[6] *See* Trousdale Turner Correctional Center, TENNESSEE DEPARTMENT OF CORRECTION, https://www.tn.gov/correction/sp/state-prison-list/trousdale-turner-correctional-center (last visited Nov. 18, 2021); *Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012) ("[The Court] may take judicial notice of 'a fact that is not subject to reasonable dispute' either because such a fact 'is generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'")(quoting Fed. R. Evid. 201(b)).

*Jackson v. Shelby Cnty. Gov't*, No. 07-6356, 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008) (affirming dismissal of redundant official-capacity claims).

As for Plaintiff's claims against CoreCivic (*see* Doc. No. 14 at 2–8), "a private corporation cannot be held liable under § 1983 on the basis of respondeat superior or vicarious liability." *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 450 (6th Cir. 2015) (citing *Street*, 102 F.3d at 818). "Rather, the plaintiff must establish a policy or custom that caused the constitutional violation." *Id.* (citing *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008)). Here, for the reasons explained throughout this Memorandum Opinion, Plaintiff fails to assert a viable constitutional violation. And with no underlying constitutional violation, Plaintiff cannot impose liability on CoreCivic under Section 1983. *See Zucker v. City of Farmington Hills*, 643 F. App'x 555, 570 (6th Cir. 2016) (citing *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)) ("[T]here is no liability [for the employing entity] -without an underlying constitutional violation.").

### 6. State Law Claims

Finally, Plaintiff asserts several gross negligence claims under state law. (Doc. No. 14 at 2, 6–8.) Because Plaintiff's federal claims will be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). These state-law claims will be dismissed without prejudice.

## III. Conclusion

Plaintiff alleges (albeit at times in merely conclusory fashion) circumstances and events that are far from ideal. But this Court is not called upon to determine whether, according to Plaintiff's allegations, he could have been treated better. Instead, the Court must determine whether Plaintiff has stated a claim upon which relief can be granted. And for the reasons stated above, the Amended Complaint (Doc. No. 14) fails to state a claim upon which relief may be

granted under federal law, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, and this case will be dismissed.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE